**Cecil G. BULLARD and Fannie S. Bullard, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 85–196–N.

United States District Court, E.D. Virginia, Norfolk Division.

Dec. 23, 1985.

Larry W. Shelton, Asst. U.S. Atty., Norfolk, Va., Stuart J. Glick, Tax Div., U.S. Dept. of Justice, Washington, D.C., for United States.

Cecil G. Bullard and Fannie S. Bullard, pro se.

## ORDER

CLARKE, District Judge.

This matter comes before the Court on a motion for summary judgment filed by the defendant. Plaintiffs, proceeding *pro se*, have responded to the defendant's memorandum by filing with the Court an argument in opposition. Accordingly, the matter is ripe for disposition.

The plaintiffs, Cecil and Fannie Bullard, seek judicial review of an adverse tax decision rendered by the Internal Revenue Service (I.R.S.). The parties have stipulated several undisputed facts.

On April 24, 1974, Cecil Bullard retired from the Civil Service Commission. He alleges and has submitted evidence to show that his retirement was brought about by a physical disability. Subsequently, plaintiffs sought a disability income exclusion on their 1982 joint federal income tax return. *See* Section 105(d), Internal Revenue Code of 1954 (26 U.S.C.). The I.R.S. denied the plaintiffs this exclusion and forwarded to them a Notice of Disallowance of Claim. Plaintiffs responded by protesting the disallowance and filing an appeal with the I.R.S. Having been unsuccessful in the protest and the appeal, the plaintiffs now petition this Court for review pursuant to Section 7429(b) of the Internal Revenue Code (26 U.S.C.) (IRC).

In determining whether Cecil Bullard was entitled to a disability deduction in 1982, the Court must examine the reasonableness of the I.R.S. assessment. The I.R.S. contends that it was proper in disallowing the exclusion since Cecil Bullard is not permanently and totally disabled. Section 105(d) of the IRC defines a disabled taxpayer as one who is unable to engage in any substantial gainful activity due to a physical or mental impairment. The impairment must last for a continuous period of not less than twelve months. Additionally, the taxpayer must furnish proof of the existence of his disability sufficient to satisfy the Commissioner.

To support the contention that Cecil Bullard does not qualify for a disability income exclusion, the defendant points out that Bullard was gainfully active as a real estate agent throughout the year of 1982. Substantial gainful activity is defined in Temporary Treasury Regulation Section 7.105–2(b) as a regular performance of duties in a part-time competitive work situation. A rate of pay at or above minimum wage conclusively establishes the individual's ability to engage in substantial gainful activity, if the taxpayer is working at the employer's convenience.

The evidence shows that Cecil Bullard was an independent real estate agent who worked at his own convenience. Thus, the fact that he might have earned more than minimum wage is not conclusive. However, the Court notes that his disability was not a factor in determining his compensation. The Court also finds that the field of real estate is a competitive one and that plaintiff sometimes used "every possible means" to market a property. (*See* Deposition of Cecil G. Bullard, p. 27).

Plaintiff is unable to provide evidence as to how many hours he was active during an average week. Having failed to keep a log or record of his hours, plaintiff was not able to advance an estimate. Defendant, however, submits that Cecil Bullard worked a substantial number of hours during 1982. Plaintiff testified that he had driven 15,000 miles that year. (*See* Deposition of Cecil G. Bullard, p. 26). Much of his driving appears to have been in pursuit of his business as he spent a great deal of time learning neighborhoods and pricing homes. (*See* Pretrial Order, Stipulation of Undisputed Facts, p. 2). From these facts, the defendant inferred that Mr. Bullard was substantially employed.

The Court is also unable to draw any other conclusion than that which the I.R.S. has reached. Plaintiff has not submitted evidence to show that he worked a minimal number of hours. Without records or the willingness to estimate his hours, the plaintiff would not be able to present any helpful evidence even upon the date of the trial. Thus, the Court agrees with the defendant that plaintiff must have worked a considerable number of hours per week.

Plaintiff objects to his real estate work being classified as a "gainful activity" in light of the fact that he earned only $1,762 during 1982. Defendant correctly points out that the level of income is not a determiniative factor in establishing whether a taxpayer engaged in substantial gainful activity. In fact, the Temporary Treasury Regulations indicate that Section 105(d) of the IRC can be applied in circumstances where the taxpayer receives *no* compensation.

Accordingly, the Court finds no material issues of fact in dispute. The evidence shows conclusively that Cecil Bullard was gainfully employed in 1982 and, thus, was not entitled to a disability income exclusion for that year. Finding the defendant's assessment to be reasonable, the Court GRANTS the Government's motion for summary judgment. This action is hereby DISMISSED with prejudice.

The Clerk is DIRECTED to mail a copy of this Order to all parties.

IT IS SO ORDERED.